UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
NORMAN CASTILLO PANAMENO,           :
                                    :
          Petitioner,               :    Civ. No. 20-1724 (NLH)
                                    :
     v.                             :    OPINION
                                    :
                                    :
DAVID ORTIZ,                        :
                                    :
          Respondent.               :
_____ :

APPEARANCE:
Norman Castillo Panameno
69928-028
FCI Fort Dix
Inmate Mail/Parcels
EAST: P.O. BOX 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

Petitioner Norman Castillo Panameno seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1 (petition).

Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner has failed to either include the $5 filing fee or an application to proceed in forma pauperis.  Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered.

Form

Under the local rules, "[u]nless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk."  L. Civ. R. 81.2(a).  Petitioner did not submit his habeas petition on the Clerk's form.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00 or submitted a complete in forma pauperis application.  He must also submit the appropriate Clerk's form.  An appropriate Order will be entered.


Dated: February 20, 2020              s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).